UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| RODNEY GREEN, | ) | CASE NO. 4:05 CV 2711 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| T.R. SNIEZEK, | ) | |
| | ) | |
| Respondent. | ) | |

On November 18, 2005, pro se petitioner Rodney Green filed the above-captioned petition against Warden Thomas R. Sniezek at the Federal Correctional Institution in Elkton, Ohio (FCI Elkton), J. Fitzgerald, Lt. Radar, FCI Elkton Senior Officer Jonathan Traylor and D. Scott Dodrill pursuant to 28 U.S.C. § 2241. Mr. Green, who is presently confined in FCI Elkton, states that his constitutional rights were violated by respondents during the disciplinary hearing process.

**Background**

Mr. Green's petition before this court is comprised of a series of allegations surrounding an incident report issued by FCI Elkton. The report, which he attaches to the petition, charged him with threatening another with bodily harm and assault on October 2, 2004. The facts outlined in the report reveal that on that date, Senior Officer Jonathan Traylor was

conducting a routine "shakedown" of the cell units when he approached Mr. Green's cell and asked him for his paperwork. After he complied with Officer Traylor's request, Mr. Green allegedly stated: "Take it, I don't give a f***, it don't matter anyway." Officer Traylor then ordered Mr. Green to stand by the office in C-Unit.

Upon arrival at the office, Officer Traylor sat at his desk while Mr. Green sat directly across from him. Officer Traylor advised Mr. Green to either calm down or risk having an incident report issued against him. Mr. Green then allegedly stood up and declared "I have 20 years, I'm not afraid of a shot, just put me in SHU, time is time." Officer Traylor, again, told Mr. Green to sit down and calm down. Although Mr. Green complied, Officer Traylor alleges that petitioner still displayed an aggressive attitude. In response, he arose from behind the desk and walked toward the door to call the Operations Lieutenant from the entry way of his office. At this point, Mr. Green allegedly got up from his chair and pushed Officer Traylor. The two then wrestled to the floor until Officer Traylor pulled petitioner's shirt over his head, which caused him to relent. Officer Traylor then telephoned the Operations Lieutenant, as his radio had fallen to the floor. Mr. Green was then secured and escorted to the Special Housing Unit (SHU) by the staff.

The Incident Report was delivered to Mr. Green on the same date the incident occurred at 4:50 pm. On November 1, 2004, Staff Member T. Raimey executed a copy of an "Extension of UDC Hearing," which the warden approved. The notice advised that Mr. Green's Unit Disciplinary Hearing (UDC) would be delayed more than the three days recommended by BOP Program Statement 5207.07 because Security Investigation Services (SIS) did not submit the results of its investigation until October 22, 2004. Under the annotation on the notice, "[d]ate

provided to inmate: _____ " no date was filled in.

On November 16, 2004, a Notice of Discipline Hearing Before the DHO was addressed to Mr. Green indicating that "[t]he hearing will be held on: 'Next Docket'." Although there are spaces on the document for the inmate to indicate whether he would request witnesses or staff representation at the hearing, these spaces and the inmate's signature block are blank.

In a letter dated May 25, 2005 to the DHO, Mr. Biafore, Mr. Green complained that it had been over 206 days since the SIS completed its investigation. Further, he explained that he provided "the witnesses names and registration numbers . . . to (SIS) Lieutenant Mr. Jerry McKenny on October 10, 2004. . . . On November 16, 2004; again the witnesses' names and registration numbers were given to the (UDC) Mrs. Wintergates and Mr. Raimey."

On June 13, 2005 a hearing was held before DHO Biafore.[1] At that time, Mr. Green claims he called witnesses to corroborate his assertion that he was assaulted by Officer Traylor. He contends that Officer Traylor wrote the Incident Report to cover up the fact that he initiated an attack against petitioner.

In his habeas petition before this court, Mr. Green complains that his due process rights were violated because the hearing before the DHO was delayed 402 days. He claims further that he was denied his right to a fair and impartial hearing by the DHO in violation of his right to procedural due process. He asserts that he was "never . . . reviewed and/or seen thereby the SRO Lt. Brent Taggart or LT. RADAR regarding his circumstances and thus is entitled to relief." (Pet. at 2.) He asserts he has alleged the deprivation of a constitutionally protected right and "is entitled to relief sought." Mr. Green has not, however, set forth what type of relief he

---

[1] The results of that hearing were not provided with the petition before this court.

seeks or to which he believes he is entitled.

## 28 U.S.C. § 2241

Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).  Mr. Green does not seek to challenge the execution or manner in which his sentence is being served, but asserts that his constitutional rights were violated when he was  disciplined, without due process, based on facts which he strongly disputes.

A federal district court is authorized to entertain a petition for a writ of habeas corpus on the ground that the custody violates the Constitution or laws of the United States. See 28 U.S.C. § 2241.  However, a federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam).  Mr. Green has not shown that he exhausted his administrative remedies before requesting habeas relief in the district court.[2]  Thus, even if this court were convinced that this matter is properly raised as a habeas petition it would be subject to dismissal for a failure to

---

[2]     Administrative remedies clearly exist, see  28 C.F.R. § 542.14, and nothing in the record indicates that it would have been futile for petitioner to pursue his administrative remedies or that those remedies would have been unable to afford him the relief he requests. See McKart v. United States, 395 U.S. 185, 200 (1969) (petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply); Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982).  Moreover, federal prisoners who procedurally default on their administrative claims must demonstrate cause and prejudice for the omission. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996); Sanchez v. Miller, 792 F.2d 694, 697-99 (7th Cir.1986). Under the Bureau of Prison's Administrative Remedy Program, the first level of appeal from a DHO decision is an appeal to the Regional Director. 28 C.F.R. § 542.14(d)(2).

exhaust.

In his petition before this court, Mr. Green's constitutional challenges do not address his loss of institutional privileges, the discipline imposed or that the punishment imposed was in any way atypical.[3] Thus, Mr. Green does not appear to challenge the execution or manner in which his sentence is being served, but the conditions of his confinement. When a prisoner is seeking relief other than release, based on the conditions of his confinement, the appropriate vehicle would be a civil rights complaint.[4] These types of claims may not be brought under 28 U.S.C. § 2241, which is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979); see also Velasco v. Lamanna, No. 00-4139, 16 Fed.Appx. 311, 314 (6th Cir. June 20, 2001)(" a § 2241 habeas petition is not the appropriate vehicle for challenging the conditions of ... confinement"); Okoro v. Scibana, No. 99-1322, 1999 WL 1252871, at * 2 (6th Cir. Mar. 25, 1999)(conditions of confinement claim not the type of claim that should be brought in a habeas corpus petition, which is designed to test the legality or duration of confinement). Thus, a § 2241 habeas petition is not the appropriate vehicle for challenging the conditions of his confinement in this context.

---

[3] Although Mr. Green complains that "28 C.F.R. § 541.2(C) mandates that the SRO release a prisoner from segregated housing when the reasons for confinement cease to exist," this claim relies on his unfounded assertion that the DHO improperly determined that he was in violation of prison rules.

[4] In order to file a civil rights action, petitioner would be required to file a prisoner account statement so that the court would have sufficient financial information to assess and collect the $250 filing fee. See 28 U.S.C. § 1915; McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

It should be noted that if Mr. Green chooses to file a civil rights complaint in the future, his blanket statement that he has exhausted his administrative remedies will not suffice. To establish that he exhausted his remedies prior to filing such a suit, Mr. Green must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). Moreover, he must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       S/John R. Adams 2/8/2006
       JOHN R. ADAMS
       UNITED STATES DISTRICT JUDGE